HATTIE CRAWFORD V. THE STATE.

No. 6409.   Decided November 2, 1921.

Rehearing granted November 23, 1921.

**Intoxicating Liquors—Possession of Equipment, etc.—Written Charge—Mo-
tion for New Trial.**

Upon appeal from a conviction of having in possession equipment for
the unlawful manufacture of intoxicating liquor, the record showed that the
amended motion for new trial set up for the first time that no written
charge was delivered to the jury; *held,* that such omission of giving a written
charge in a felony case, is reversible error; and Article 743, Vernon's C. C.
P. would not control, as Article 735, id., requires a written charge by the
court in a felony case, and the matter can be raised in a motion for new trial
for the first time.

Appeal from the District Court of Kaufman. Tried below before
the Honorable Joel R. Bond.

Appeal from a conviction of unlawful possession of equipment for
the manufacture of intoxicating liquors; penalty: one year imprison-
ment in the penitentiary.

The opinion states the case.

*Cooley & Crisp,* for the State.—Cited: West 1. State, 2 Texas Crim.
App., 209.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for having in possession equip-
ment for the unlawful manufacture of intoxicating liquor. Punish-
ment, one year in penitentiary.

No statement of facts or bills of exceptions accompany the record.
Judgment was rendered on March 24th, 1921. Two days later a for-
mal motion for new trial was filed, and on the 31st day of March, an
amended motion for new trial was filed, in which for the first time it
is set up that no "written" charge was delivered to the jury. The fact
that such omission occurred is not authenticated in any way, either by
bill of exception, or by proof upon hearing of the motion for new trial.

In this state of the record, under many authorities, we must affirm this case, because of the absence of bills of exception and statement of facts.

*Affirmed.*

### ON REHEARING.

## November 23, 1921.

HAWKINS, JUDGE.—Upon consideration of this case originally we were inclined to the view that Article 743, Vernon's C. C. P. would control; and that a disregard of Article 735, requiring a written charge could not for the first time be raised in the motion for new trial. Upon more mature consideration we reached the conclusion that we were in error. Our opinion in No. 6455, Howard v. State, 90 Texas Crim. Rep., 270, decided November 16, 1921, expresses our convictions contrary to the original holding in this case.

The motion for rehearing is granted, judgment of affirmance is set aside, and for failure to give a written charge, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*